THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KEIR L. HODGE, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 07-3058 (JBS) |
| v. |  |
| CHARLES SAMUELS et al., | **MEMORANDUM OPINION** |
| Respondents. |  |

**SIMANDLE**, District Judge:

This matter is before the Court upon Mr. Hodge's petition for a writ of habeas corpus and his "motion for [the] status" of this petition [Docket Item 4]. THIS COURT FINDS AS FOLLOWS:

1. Petitioner, who was sentenced to a 121-month term of imprisonment in March of 2003, is presently incarcerated at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey. On July 2, 2007, Petitioner filed a petition for a writ of habeas corpus, which the Court has construed as having been brought pursuant to 28 U.S.C. § 2241 to challenge the "execution" of his sentence. Petitioner claimed in his petition that on April 17, 2007, he was transferred to the FCI's Segregated Housing Unit ("SHU") without having been provided an explanation for the transfer.

2. On July 17, 2007, the Court entered an Order dismissing Mr. Hodge's petition. (Docket Item 2.) The Court explained that

it could not consider Mr. Hodge's petition for two reasons.
First, the Court observed that

> Since, as of the date of his preparation of his Petition, Petitioner's attempts to seek administrative review were limited to Petitioner's inquiries with two officers at the place of Petitioner's confinement, it appears certain that Petitioner did not seek administrative remedies from either the warden of the place of Petitioner's confinement, nor appealed the decisions as to his confinement.

(Id. at 3.)  The Court explained that in the context of section 2241 petitions, the administrative exhaustion requirement, though not a jurisdictional bar, is "diligently enforced by the federal courts."  (Id.) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996)).  The Court thus determined that Mr. Hodge's petition should be dismissed without prejudice to afford him the opportunity to exhaust his administrative remedies.  In addition, the Court concluded that Petitioner had neither paid his filing fee nor provided this Court with his application to proceed in forma pauperis.  The Court directed Petitioner to remit his filing fee or submit to this Court Petitioner's application to proceed in forma pauperis.

3.  On July 31, 2007, Mr. Hodge filed an amended petition as well as an application to proceed in forma pauperis.  Shortly thereafter, Mr. Hodge filed a "motion for [the] status" of his amended petition.  In this motion, Petitioner concedes that he has still not exhausted the prison's grievance procedures, stating that "the administrative remedy process will not aid in

the decision[] making process in this case[] due to the gross policy violation and the Petitioner[']s due process rights." (Docket Item 4 at 2.)

4.  Mr. Hodge's amended petition will be dismissed without prejudice on account of his failure to exhaust his administrative remedies.  As the Court recognized in its July 17, 2007 Order, although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241."  Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  This prudential exhaustion requirement serves three important purposes: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato, 98 F.3d at 761-62.

5.  Petitioner's argument that he should not have to exhaust administrative remedies on account of "the gross policy violation and the Petitioner[']s due process rights," (Docket Item 4 at 2), does not persuade the Court that a deviation from the rule set forth in the preceding paragraph is in order.  All three of the

purposes of the administrative exhaustion rule are served by requiring prisoners to grieve their complaints internally before seeking legal redress, whether or not the prisoner believes that the violation is "gross" and irrespective of the specific rights the prisoner claims have been violated.  While the rule that section 2241 petitioners must exhaust administrative remedies does not prevent a court from entertaining a petition where such exhaustion would be futile, <u>Gambino</u>, 134 F.3d at 171, Petitioner has not demonstrated or even suggested that the prison's grievance process is incapable of providing the relief he seeks. Instead, Petitioner appears to argue that he should not have to grieve his concerns internally on account of the seriousness of the alleged violation.  This is not an adequate explanation for Mr. Hodge's failure to exhaust the prison's administrative remedies.

6.  Because Mr. Hodge did not exhaust the administrative remedies available to him prior to filing this action, and because there is no indication that such exhaustion would be futile, Mr. Hodge's petition will be dismissed without prejudice. Mr. Hodge's motion inquiring into the status of his petition is dismissed as moot.  The accompanying Order will be entered.


**March 18, 2008**          **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             U.S. District Judge